**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11757

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RODRIGO ULLO MARTINEZ,
a.k.a. Chino,
a.k.a. Rodrigo Martinez-Ulloa,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:05-cr-00087-TKW-MD-1

————————————

Before JORDAN, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Rodrigo Ullo Martinez ("Martinez"), a federal prisoner proceeding pro se, appeals the district court's order denying his motion for compassionate release. Martinez argues that the district court abused its discretion by denying his motion before the government responded to it. Martinez also argues that the district court abused its discretion by failing to consider all the applicable 18 U.S.C. § 3553(a) factors when it denied his motion. Having reviewed the record and read the parties' briefs, we affirm the district court's order denying Martinez's motion for compassionate relief.

## I.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *Id.* at 911-12.

## II.

In 2005, a grand jury charged Martinez, along with two co-defendants, with various drug and gun related offenses. A jury found Martinez guilty on five counts, and the district court sentenced him to 530 months' imprisonment. In 2014, Martinez filed a motion to reduce sentence under 18 U.S.C. §3582(c)(2), which the district court granted, and which lowered his total sentence to 497 months' imprisonment. In 2025, Martinez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which is the subject of this appeal.

## III.

Martinez asserted two reasons why the district court should grant his motion for compassionate release. First, he argued that the First Step Act's amendments to 21 U.S.C. §841(b)(1)(A) changed his mandatory minimum sentence on two counts of conviction. Second, Martinez claimed that the presentence investigation report ("PSI") erroneously held him responsible for 50 grams of pure methamphetamine, rather than 50 grams of a mixture containing methamphetamine, which artificially increased his offense level and, in turn, erroneously increased his guideline range. Martinez further claimed that he was no longer a recidivist risk because he had been incarcerated for 21 years, and he argued that the 18 U.S.C. §3553(a) factors weighted in favor of releasing him. Before the government responded to Martinez's motion, the district court denied relief.

The district court explained that the First Step Act provision that Martinez referenced did not amend the statute under which Martinez was convicted. Thus, his argument was ineffectual. The district court noted that Martinez did not identify any change in the law regarding the purity of methamphetamine's effect on guideline ranges. In addition, the district court determined that the PSI held Martinez responsible for a mixture containing methamphetamine, not pure methamphetamine, because the probation officer used the lower mixture ratio, not the higher actual ratio, to convert the weight of the methamphetamine that the PSI held him responsible for into its equivalent weight in marijuana. Thus, the district court

4                    Opinion of the Court                    25-11757

found that because Martinez identified no extraordinary and compelling reasons for reducing his sentence, he was not entitled to relief.  In a footnote, the district court added that it did not need to consider the §3553(a) factors because of its conclusion that Martinez had not identified an extraordinary and compelling reason for a reduction in his sentence.

## IV.

Under § 3582(c)(1)(A), a district court may reduce a defendant's sentence if "(1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted).  If a district court finds that no extraordinary and compelling reason for compassionate release exists, it has no obligation to consider the § 3553(a) factors.  *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).  The § 3553(a) factors include "the nature and circumstances" of the movant's offense as well as the need for the movant's sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," deter criminal conduct, and protect the public from the movant's future criminal conduct.  18 U.S.C. § 3553(a)(1) & (2).

On appeal, Martinez argues that the district court abused its discretion in denying his motion without allowing the government

an opportunity to respond and that it abused its discretion in denying his motion without considering the §3553(a) factors. The government responds that the district court had the discretion to dismiss Martinez's motion without the government's response because the motion was meritless. The government contends that the district court could not grant the motion once it found that Martinez had not demonstrated the existence of an extraordinary and compelling reason for releasing him. Thus, the government asserts that the district court did not err by failing to consider the §3553(a) factors.

The record demonstrates that the district court did not abuse its discretion in denying Martinez's motion for compassionate relief. We conclude that both of Martinez's arguments on appeal are meritless. First, the district court's decision to deny Martinez's motion before the government responded to it did not prejudice Martinez and is thus not a basis for vacating the district court's order. Second, the district court had no obligation to consider all the applicable § 3553(a) factors because it found that Martinez's motion did not identify any extraordinary and compelling reason for reducing his sentence. *See Giron*, 15 F.4th at 1348.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Martinez's motion for compassionate relief.

**AFFIRMED.**